## MERCHANTS' INSURANCE COMPANY *v.* ALLEN.
## MERCHANTS' INSURANCE COMPANY *v.* WEEKS.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF LOUISIANA.

Submitted April 18, 1887. — Decided May 27, 1887.

An owner of one-fourth interest in a vessel took out a policy of insurance on his interest in the vessel, which contained these words: "Warranted by the assured that not more than $5000 insurance, including this policy, now exists, nor shall be hereafter effected on said interest, either by assured or others, to cover this or any other insurable interest in said interest, during the continuance of this policy." The acceptors of drafts drawn by the master effected for their own protection insurance on the freight and earnings of the vessel in excess of this amount, and a like insurance on freight and earnings in excess was effected on account of other owners: *Held,* That this was no breach of the covenant of warranty.

THIS was a petition for rehearing a cause decided at this term, and reported 121 U. S. 67. The petition was as follows, omitting the title and the references to the evidence:

*To the Honorable the Supreme Court of the United States:*

The Merchants' Mutual Insurance Company, appellant in the above entitled causes, prays the court to grant a rehearing thereof, because the court has fallen into an error of fact most seriously affecting the rights of your petitioner.

The error of fact consists in a mistaken appreciation of the

evidence adduced in this court, under the leave granted by the court, to amend the pleadings and introduce new testimony.

The appellant admits "that an over-insurance of the cargo is not a breach of the warranty by the owner of the vessel not to insure his interest in the vessel beyond a certain amount," &c.

That is the decision of the court in this case; but in point of fact there was no insurance by the owners of the vessel *on the cargo.*

The new testimony shows an *over-insurance on freight, but not on the merchandise carried* — an over-insurance on the earnings of the vessel, resulting from the transportation of the cargo.

All the policies, including those of the Messrs. Baring, are *on freight*, not on cargo. The total insurance on freight was $21,670.

The insurances on freight effected by the Messrs. Baring were not only made for their own protection, but they were made *at the instance and for the account of the owners of the vessel, who were charged with the premiums and were credited with the sums paid by the underwriters when the loss occurred.*

It is therefore clear that all the insurances were on freight, and were made for account of the owners of the vessel.

The legal proposition to be disposed of is this : is the *over-insurance on freight* a violation of the warranty contained in the policy ?

The warranty is in these words· "Warranted by the assured that not more than five thousand dollars' insurance, including this policy, now exists, *nor shall hereafter be effected on said interest, either by assured or others, to cover this or any other insurable interest in said interest* during the continuance of this policy."

The policy issued to Allen covered his interest as owner of *one-fourth of the vessel ;* the policy issued to Weeks covered his interest as owner of five-twelfths (5-12ths) of the vessel.

I invite the special attention of the court to the language of the warranty; it prohibits insurance, by the assured or others, " to *cover this or any other insurable interest in said interest*," nor any other interest in the vessel.

The policy covered the interest of the assured as owners of the vessel; the warranty prohibited any other insurance of that interest, as well as *any other insurable interest in said interest.*

What is that "other insurable interest in said interest," contemplated by the warranty, and to which its terms are applicable?

Can it be any other than the interest *resulting to the owner from the fact of ownership, and the employment of the vessel?*

What other insurable interest can an owner have in his vessel than that of owner, and that of carrier? When his interest as owner is insured, there remains no other insurable interest except "the benefit derived by the ship-owner from the employment of his ship," and this benefit is freight, as defined by Lord Tenterden, in *Flint* v. *Flemying*, 1 B. & Ad. 45, 48.

In this case Lord Tenterden says: "If it be a necessary ingredient in the composition of freight that there should be a money compensation paid by one person to another, the benefit accruing to ship-owner from using his own ship to carry his own goods is not freight. But if the term *freight* as used in the policy of insurance import the benefit derived from the employment of the ship, then there has been a loss of freight. It is the same thing to the ship-owner, whether he receives the benefit for the use of his ship, by a money payment from one person who charters the whole ship, or from various persons who put specific quantities of goods on board, or from persons who pay him the value of his own goods at the port of delivery, occasioned by their carriage in his own ship. The assurer may fairly consider that additional value as freight, and so term it in the policy."

"The right to freight," says Lord Kenyon, "results from the right of ownership, and if the plaintiffs have no title to the ship they have no interest in freight." *Camden* v. *Anderson*, 5 T. R. 709. In the same case, Mr. Justice Ashhurst says that "an action to recover freight can only be maintained in consequence of ownership."

Duer, in his work on Insurance, § 42, says: "Insurance, in

reference to the subjects upon which the policy attaches are divided into insurance upon the vessel and insurance upon the cargo or goods. It is true that various interests besides that of actual ownership connected with or growing out of these subjects, such as freight, profits, commissions, &c., may be the subject of an insurance and supply the measure of the indemnity to which the assured is entitled; but *in all cases, the vessel or cargo, or both, constitute the subject* to which the risks of *the policy directly apply and from the loss of which the claim for an idemnity must arise.*"

So intimately united are the ship and the freight, that Mr. Benecke recommends "the insurance of ship and freight jointly as one indivisible risk in the same policy." Benecke, Ins. 57.

In some parts of the continent of Europe freight not earned cannot be insured, and for the same reason that seamen's wages are not insurable. "By leaving the freight to be earned uncovered, the master has stronger inducements to be vigilant in the preservation of the ship and cargo." 3 Kent's Com. 270.

Mr. Lowndes, in his work on Marine Insurance, says: "A great part of the confusion which runs through some branches of the English law of insurance, is occasioned by the want of a clear apprehension of the true relation between the ship, considered as a subject of insurance or a commodity of value, and her freight. This can only be removed, I think, by rightly understanding what it is that constitutes the value of a ship. A ship is a mere machine for earning freights, and her value is represented by the present or capitalized value of her future earnings, added to what she may eventually fetch for breaking up. This is obvious at a glance in the case of a ship so nearly worn out as to be only fit for one voyage more; such a ship being evidently worth to her owner what she will earn on that voyage and what he can then break her up for. The principle is of course the same in cases where the calculation may be more difficult. The ship's value in the market is no more than a rough approximation to this result, made by a number of persons; for the price a man will offer for a ship in the market must at last be regulated by or find its maximum in

the amount he expects to earn by employing her.   This being so, it is evident that the freight which at any given moment a ship is engaged in earning is a constituent part of the ship's value at that moment, just as much as any of her future freights.   .   .   .   This might lead us to the conclusion that it is not right to insure both ship and freight, for if the freight is only a part of the ship's value, to insure both would be to insure the whole and a part too.

   " There are, however, great practical conveniences in insuring freight by itself, particularly because the earning or losing of the freight once contracted for may depend on contingencies separate from the ship; for instance, the ship may be lost and yet the freight carried by transshipment, or the ship may be saved and the freight lost, because the cargo is lost.   But then if the freight is insured by itself, the fact ought to be recognized that what remains of the ship's value, after excluding this freight, is a portion only of its entire value."

   The words "any other insurable interest in said interest" are significant.   An insurable interest, says Mr. Justice Gross, in *Boehm* v. *Bell*, 8 T. R. 154, is not to be confounded "with an absolute indefeasible interest."   "It is not pretended the insured had the absolute property in the subject of insurance; neither need they have such property to make the policy legal; it is sufficient if they had an insurable interest."

   Lord Eldon said he was unable to define what an insurable interest was, unless it was a *right* in the property or a right derivable out of some contract about the property.   1 Phill. Ins. pp. 129, 130.   And this court, in the case of *Buck* v. *Chesapeake Ins. Co.*, 1 Pet. 151, 163, say: "That the term *interest*, as used in application to the right to insure, does not necessarily imply *property* in the subject of insurance."

   In this case the assured warrants the insurer against any other insurance to cover *this* or any *other insurable interest* in said *interest*.   The terms "this interest" manifestly apply to the right of property of the assured in the vessel; the terms "any other insurable interest in said interest" manifestly mean any other right derivable out of some contract about the property.

As the court has decided the case on the evidence adduced, I have refrained from discussing the question of practice whether since the act of 1875 new testimony can be taken after an appeal in admiralty in this court? I presume if that question is a serious one, the court will allow further argument.

Respectfully submitted,<br>Thos. J. Semmes,<br>*Of Counsel for Petitioner.*

I hereby certify, that in my opinion the foregoing application for a rehearing is well founded in law.

Thos. J. Semmes.

Mr. Chief Justice Waite delivered the opinion of the court.

The ground of this application is, that the court committed an error on the former hearing in finding as a fact that the other insurance shown by the new testimony was on the cargo and not on the freight to be earned by the voyage. There were six policies proven — one in the Portland Lloyds for $2000, another in the Crescent City Company of New Orleans for $3000, another in the Merchants' Marine of Bangor, Maine, for $4000, another in the Union of Bangor for $2000, and two others in Lloyds of London, England, each for £1100. Those in the Crescent City and London Lloyds describe a risk on cargo, and nothing else. Baring Brothers & Company effected the insurance in London, as they say, by "two policies of insurance upon part of the freight of the ship Orient." Charles E Rice, the secretary of the Crescent City Company, says he issued that policy "on the interest of John Baker, on the freight list of the ship Orient." Construing the language of the other three policies as meaning the same thing as those which were clearly on the cargo, we did not consider it necessary at the former hearing to do more than decide, as we did, that an insurance on cargo was not a breach of the warranty in the policies sued on. But if it be otherwise, and the policies in the other three companies were on the freight to be earned by the voyage and not on the cargo simply, we see no occa-

sion for a reargument of the case, as we are all of opinion that such an insurance would not be a breach of the covenant of the insured not to insure their respective interests in the vessel, " or any other insurable interest in said interest, during the continuance of this policy," beyond the specified amounts.

*Rehearing denied.*